UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESIDENTIAL ENERGY SERVICES NETWORK, INC.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BUILDING SCIENCE INSTITUTE, LTD. CO., et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 22-cv-1641-AGS-MSB<br><br>**ORDER GRANTING MOTION TO AMEND COMPLAINT (ECF 30) AND DENYING MOTION TO DISMISS (ECF 19)** |

The main issue here is whether plaintiff should be allowed to amend the complaint a second time.

## BACKGROUND

Plaintiff Residential Energy Services Network, Inc. (RESNET), sued defendants for trademark violations and various unfair business practices. (*See generally* ECF 13.) Early in the case, RESNET filed an amended complaint (*see id.*), and defendant Building Science Institute, Ltd. Co. (BSI), timely moved to dismiss it (ECF 19). At a later preliminary-injunction hearing, the Court "tentatively" ruled that on the then-current record, RESNET was "missing a key element . . . regarding the [state-law] business interference claims." (ECF 29, at 20.)

In "response to the Court's guidance," RESNET now moves to amend its complaint a second time "to avoid duplicative consideration of certain" claims and "to remove allegations of other state law claims." (ECF 30, at 4–5.) BSI objects to any further amendments and urges the Court to rule on its motion to dismiss. (*See* ECF 32, at 4.)

## DISCUSSION

"After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). Courts should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and should apply this policy "with extreme liberality," *Owens v. Kaiser Found. Health*

1

*Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (cleaned up). In deciding whether to grant such leave, courts consider five factors: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party," and (5) "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Of these factors, undue prejudice is the "touchstone of the inquiry" and "carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). To that end, BSI notes that granting the motion to amend would "further delay . . . this case" and force BSI "to again file a Motion to Dismiss challenging the first four causes of action," as the proposed amendment leaves intact "the identical first four causes of action." (ECF 32, at 3–4.) But these concerns hardly rise to the level of "undue" prejudice. This litigation is less than a year old. (*See* ECF 1.) And BSI would merely need to cut and paste its current arguments on these identical claims into a new motion to dismiss. "That an amended complaint would essentially moot Defendants' pending Motion to Dismiss . . . does not constitute undue prejudice." *Cuevas v. City of Campbell*, No. 5:12-CV-03087-EJD, 2012 WL 5077153, at *1 (N.D. Cal. Oct. 18, 2012). BSI has not carried its burden as to the prejudice factor.

"Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* . . . in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052. BSI does not address three of the remaining factors—bad faith, repeated failures to cure deficiencies, and futility of amendment—and with good reason. These all cut in favor of amendment.

That leaves only one factor: undue delay. "Undue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Regardless, BSI has offered no evidence of "*movant's* 'undue delay'" in seeking amendment. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010) (emphasis added). On the contrary, RESNET promptly moved to delete certain causes of

action that the Court criticized, filing its motion a mere 19 days after the Court's comments. (*See* ECF 29, at 20; ECF 30.)

Thus, all five *Foman* factors favor granting leave to amend.

## CONCLUSION

RESNET's motion to amend is **GRANTED**. By September 11, 2023, RESNET must file the proposed second amended complaint (ECF 30-1) as its own entry on the docket. BSI's motion to dismiss is **DENIED AS MOOT**.

Dated:  September 8, 2023

Andrew G. Schopler
United States District Judge