**Mark H. Plager** (SBN: 192259)
mark@plagerschack.com
**Michael L. Schack** (SBN: 128784)
michaels@plagerschack.com
**PLAGER SCHACK LLP**
16152 Beach Boulevard, Suite 207
Huntington Beach, CA 92647
Phone: (714) 698-0601
Fax:    (714) 698-0608

Counsel for Defendants and Counter-claimants
BUILDING SCIENCE INSTITUTE, LTD. CO. and
BRETT DILLON

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUILDING SCIENCES INSTITUTE LTD. CO. a Texas corporation, <br><br> Counterclaimant, <br><br> v. <br><br> RESIDENTIAL ENERGY SERVICES NETWORK, INC., a California corporation, and STEVE BADEN, individually, jointly and severally; <br><br> Counter-Defendants. | Case No.: 3:22-cv-01641-AGS (MSB) <br><br> DEFENDANTS BUILDING SCIENCES INSTITUTE LTD. CO. and BRETT DILLON'S COUNTER-CLAIM <br><br> REQUEST FOR JURY TRIAL |
| BUILDING SCIENCES INSTITUTE LTD. CO. a Texas corporation, <br><br> Counterclaimant, <br><br> v. | |

DEFENDANTS BUILDING SCIENCES INSTITUTE LTD. CO.
and BRETT DILLON'S COUNTERCLAIM
-1-

RESIDENTIAL ENERGY SERVICES NETWORK, INC., a California corporation, and STEVE BADEN, individually, jointly and severally;

    Counter-Defendants

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Building Science Institute Ltd. Co. ("Defendant" or "BSI"), by and through its undersigned counsel, hereby asserts the following Counterclaims against Plaintiff and Counterdefendant Residential Energy Services Network, Inc. ("ResNet" or "Plaintiff"), as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, as well as Lanham Act, 15 U.S.C. § 1051, et seq.

2. This Court has personal jurisdiction over ResNet in that ResNet consented to this Court's jurisdiction by virtue of having filed its Second Amended Complaint ("SAC") (Docket No. 40) against BSI. This Court has personal jurisdiction over Steve Baden ("Baden") by virtue of his residing in the State of California, and doing business in the County of San Diego, State of California as an officer of ResNet, as well as his execution of an Agreement with the State of California on November 23, 2010, by which he waived any objection to personal jurisdiction in the State of California.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as ResNet may be found or transact business in this district, and the violations alleged arose and are continuing to occur in this district. Venue is further appropriate in this Court because ResNet consented to this venue as a result of filing its SAC in this venue.

/ / /

## PARTIES

4. BSI is a corporation organized and existing under the laws of the State of Texas and has a principal place of business at 531 W. Court 406G, in the city of Geronimo, State of Texas.

5. Upon information and belief ResNet is a corporation organized and existing under the laws of the State of California and has a principal place of business at 4820 North Cedarpine Lane, city of Moorpark, State of California.

## INTRODUCTION

6. U.S. Trademark Registration No. 3,322,697 ("the '697 Registration") for the mark HERS was applied for on January 3, 2007, and remains owned, by Residential Energy Services Network Inc., a non-profit Arkansas corporation (hereinafter ResNet-Arkansas), and was assigned application Serial No. 77/075107.

7. ResNet-Arkansas was incorporated with the State of Arkansas.

8. ResNet-Arkansas was dissolved within the State of Arkansas on May 1, 2017.

9. Plaintiff was incorporated within the State of California on April 1, 2011.

10. To obtain the '697 Registration, ResNet and its authorized representatives were required to declare under oath "he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

11. ResNet and Resnet's representatives knew the foregoing declaration to the United States Patent and Trademark Office (USPTO) in support of its application to obtain the '697 Registration was false at the time of submitting its trademark application, and intended to mislead the USPTO into issuing a trademark registration.

12. ResNet's required declaration in support of the '697 Registration was material to ResNet obtaining the '697 Registration from the United States

13. At the time of filing the application for the '697 Registration, Steven Baden served as Executive Director of ResNet-Arkansas, and he currently holds the same position with Plaintiff.

14. Prior to joining ResNet-Arkansas and incorporating Plaintiff, Steve Baden was employed by the State of Alaska in the Alaska Housing Finance Corporation, and employed by the National Association of State Energy Officials (Anchorage, AK), while serving as a Vice Chair of the Collaborative Consensus Committee (CCC) on Home Energy Rating Systems (HERS) and Mortgage Incentives for Energy Efficiency and was Steering Committee Member for the National Program for Energy-Efficient Mortgages and Home Energy Rating Systems.

15. On or about March 1992, CCC and Mr. Baden participated in the preparation, review, and publication of <u>A National Program for Energy-Efficient Mortgages and Home Energy Rating Systems: A Blue Print for Action by</u> the National Renewable Energy Laboratory. This publication defined and utilized the term HERS as an acronym and description of efforts for establishing "home energy rating systems" throughout the 125-page publication prepared under the sponsorship of the United States Government.

16. As early as 1981, and continuing onward prior to the filing of the '697 Registration application, the mark HERS was, and continues to be used as

///

the acronym for Home Energy Rating Systems by Pacific Northwest Laboratory, U.S. Department of Energy, and Batelle Memorial Institute.

17. At no time during the prosecution of the HERS trademark application did ResNet inform the USPTO that HERS is an acronym for the then widely used descriptive term **H**ome **E**nergy **R**ating **S**ystem. ResNet intentionally withheld this material information to mislead the USPTO into issuing a trademark registration.

18. An actual controversy exists between BSI on one hand, and ResNet on the other hand, under 28 U.S.C. § 2201 relating to the alleged infringement of ResNet's HERS Mark and validity of the HERS Mark.

19. Because ResNet filed the instant SAC against BSI, the latter has standing to file counterclaims for declaratory judgment of noninfringement of the '697 Registration and validity of the '697 Registration.

## COUNT I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT

20. BSI realleges and incorporates by reference the allegations of paragraphs 1-19 inclusive, as though fully set forth.

21. Based on ResNet's filing of the SAC, an actual controversy has arisen and now exists as to whether BSI infringes the '697 Registration.

22. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BSI requests a declaration by the Court that BSI has not infringed and does not infringe ResNet's '697 Registration or the purported HERS trademark claimed by ResNet pursuant to the '697 Registration.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF RESNET'S HERS MARK

23. BSI realleges and incorporates by reference the allegations of paragraphs 1-22 inclusive, as though fully set forth.

24. Based on ResNet's filing of the SAC and at least BSI's denial of infringement of ResNet's '697 Registration and assertion of invalidity and unenforceability of ResNet's '697 Registration, an actual controversy has arisen and now exists as to whether ResNet's '697 Registration is valid and enforceable.

25. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BSI requests a declaration by the Court that ResNet's '697 Registration is invalid and unenforceable as issued by the USPTO.

## COUNT III

## DECLARATION OF FRAUD ON THE TRADEMARK OFFICE

26. BSI realleges and incorporates by reference the allegations of paragraphs 1-25 inclusive, as though fully set forth.

27. Section 1209.03(h) provides "A mark consisting of an abbreviation, initialism, or acronym will be considered substantially synonymous with descriptive wording if: (1) the applied-for mark is an abbreviation, initialism, or acronym for specific wording; (2) the specific wording is merely descriptive of applicant's goods and/or services; and (3) a relevant consumer viewing the abbreviation, initialism, or acronym in connection with applicant's goods and/or services will recognize it as an abbreviation, initialism, or acronym of the merely descriptive wording that it represents."

28. ResNet's '697 Registration trademark is an acronym for **H**ome **E**nergy **R**ating **S**ystem which was previously adopted by state and federal government agencies and committees as set forth in Paragraphs 15 and 16 above, and prior to ResNet filing the application for a trademark on "HERS". ResNet was fully aware of the adoption of HERS by state and federal agencies and committees at the time of filing its application to register the mark HERS as a trademark with the United States Patent and Trademark Office.

27. Applicants for trademarks owe a duty of candor the United States Patent and Trademark Office.

28. As part of ResNet's January 3, 2007 application to register the mark HERS, ResNet's authorized representative, Attorney Brian S. Steinberger, on behalf of ResNet represented to the United States Patent and Trademark Office: "The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; *to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive*; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true." (*Emphasis added*)

29. At no time, despite knowledge of the adoption of the HERS acronym by federal and state government agencies and committees did ResNet inform the United States Patent and Trademark Office of this fact during the pendency of its trademark application.

30. ResNet intended to mislead and deceive the United States Trademark Office by withholding this material information during the prosecution of its trademark application for the mark HERS to achieve registration of the HERS mark on the Principal Register.

/ / /

/ / /

# COUNT IV

## VIOLATION OF CAL. B&P CODE § 17200

31. BSI realleges and incorporates by reference the allegations of paragraphs 1-30 inclusive, as though fully set forth.

32. Counter-Defendants ResNet and Baden have contended in this litigation that ResNet is the same entity or successor-in-interest to ResNet Arkansas as to the purported HERS trademark.

33. On or about November 23, 2010, Baden as Executive Director of ResNet Arkansas, executed a Settlement Agreement with the State of California, acting through the California Energy Commission, a true and correct copy of which is attached hereto and incorporated herein by reference as Exhibit 1 (hereinafter "the Settlement Agreement").

34. The Settlement Agreement contained the following pertinent provisions:

> a. "2. RESNET agrees not to enforce or attempt to enforce any rights it may claim arising from use of the phrase HOME ENERGY RATING SYSTEM, the term HERS or in registration No. 3,322,697, or any other application or registration, against CEC or any individual, company or governmental entity that deals with the State of California. Such use includes use in CEC programs such as HERS programs by HERS Providers and HERS Raters, and service providers who have a professional need to use the terms as well as use by other governmental agencies that have some relevance to CEC laws and regulations related to the HERS programs and recipients of HERS related services, and businesses, citizens or other persons who have reason to refer to the possible applications of the related services covered by federal or California codes or regulations at any time.

1  *Such use also includes promotion of programs or services in any medium."*

3  b.  *"5. This Agreement shall be applicable worldwide and shall be binding in all respects upon and inure to the benefit of the parties hereto and their respective owners, officers, directors, successors, parents, affiliates, subsidiaries, related companies, licensees, transferees, and assigns, each of whom will be entitled to enforce the provisions of this agreement."*

35.  BSI is an entity identified in paragraph 2 of the Settlement Agreement, in that BSI is a company that deals with and within the state of California, is a service provider which has a professional need to use the terms HERS and HOME ENERGY RATINGS SYSTEM in relation to the California and federal HERS programs and business and consumer recipients of HERS related services, and is a business having a reason to refer to the possible applications of the related services covered by federal or California codes or regulations at any time.  Further, BSI has reason to use the HERS term in its promotion of programs or services covered by the Settlement Agreement.

36.  Beginning as of the date of the filing of the present lawsuit, if not earlier, Counter-Defendants, and each of them, have committed acts of unfair competition, as defined by California Business and Professions Code section 17200, by engaging in the following practices, among others:

a. Enforcing or attempt to enforce any rights it may claim arising from use of the phrase HOME ENERGY RATING SYSTEM, the term HERS or in registration No. 3,322,697, against BSI, and likely others;

b. Utilizing contract provisions in agreements with HERS providers and providers of HERS related services which violate the terms of paragraphs 2 of the Settlement Agreement and preclude such

        parties from engaging in competition in the state of California under threat of violation of the unlawful terms of such contract provisions; and

    c. The filing of this lawsuit in violation of the Settlement Agreement.

37. These acts and practices, as described in paragraph 36 above, violate CAL. B&P Code § 17200 in the following respects:

    a. The above describe conduct violates the Settlement Agreement which is intended to prevent anti-competitive practice and, consequently, constitutes an unlawful business act of practice within the meaning of Business and Professions Code section 17200;

    b. The harm to BSI and to members of the general public outweighs the utility of Counter-defendants' policies and practice and, consequently, their practice of engaging in the above-described conduct constitutes an unfair business act of practice within the meaning of Business and Professions Code section 17200 ("section 17200");

    c. Counter-defendants' conduct threatens an incipient violation of a consumer/antitrust law, or violates the policy or spirit of the Settlement Agreement and such laws or otherwise significantly threatens or harms competition; and,

    d. Counter-defendants' conduct and practices are likely to mislead the general public and, consequently, constitutes a fraudulent business act or practice within the meaning of Business and Professions Code section 17200.

38. The unlawful, unfair, and fraudulent business practices Counter-Defendants, as described above, present a continuing threat to BSI and members of the public in that the state of California, by requiring the broad terms of the

Settlement Agreement sought to ensure competition among providers of HERS and HOME ENERGY RATINGS SYSTEM in relation to the California and federal HERS programs and business and consumer recipients of HERS related services, sought to protect competition in this federally and state regulated space.

39. BSI and other members of the general public have no other adequate remedy of law in that if an injunction does not issue enforcing the Settlement Agreement and section 17200 against Counter-Defendants, and Counter-Defendants are permitted to continue their breach of the Settlement Agreement, by enforcing the purported HERS trademark, it will unlawfully limit competition in the relevant marketplace in continued violation of section 17200.

40. As a result of the aforementioned acts, BSI has lost money or property and suffered injury in fact.

## SPECIFIC PERFORMANCE

41. BSI realleges and incorporates by reference the allegations of paragraphs 1-30 inclusive, as though fully set forth.

42. BSI is a third party beneficiary of the Settlement Agreement.

43. Counter-defendants are in breach of the Settlement Agreement by attempting to enforce the purported HERS trademark and '697 Registration against BSI.

44. By the terms of the Settlement Agreement, Counter-Defendants are prohibited from enforcing the purported HERS trademark and '697 Registration against BSI.

45. BSI and other members of the general public have no other adequate remedy of law in that if an injunction does not issue enforcing the Settlement Agreement, and Counter-Defendants are permitted to continue their breach of the Settlement Agreement, by enforcing the purported HERS trademark, it will unlawfully limit competition in the relevant marketplace in continued violation of section 17200, and unlawfully limit BSI's ability to compete in the relevant

marketplace in contravention of the spirit, intent and purpose of the Settlement Agreement.

## REQUEST FOR RELIEF

WHEREFORE, in consideration of the foregoing, BSI respectfully requests that this Court enter judgment as follows:

I.  A declaration that ResNet's '697 Registration is invalid and unenforceable;

II.  A declaration that BSI's use of the HERS Mark does not infringe ResNet's '697 Registration;

III.  A declaration that ResNet takes nothing by its SAC;

IV.  A finding ResNet procured the HERS trademark by fraud and that this case is an exceptional case entitling BSI to recover its costs and attorneys' fees incurred in this Action;

V.  Judgment against ResNet and in favor of BSI;

VI.  Dismissal of the SAC with prejudice;

VII.  Pursuant to Business and Professions Code sections 17203, and the terms of the Settlement Agreement, and pursuant to the equitable powers of this Court, BSI prays that the Counter-Defendants be preliminarily and permanently enjoined from continued enforcement of the '697 Registration against BSI and any other persons covered by the Settlement Agreement, anywhere in the United States;

VIII.  Pursuant to Business and Professions Code sections 17203, and pursuant to the equitable powers of this Court, BSI prays that the Counter-Defendants be ordered to restore to the general public all funds acquired by means of any act or practice declared by this Court to be unlawful or to constitute unfair competition under Business and Professions Code section 17200 et seq.;

///
///

IX. BSI prays for an award of attorney's fees pursuant to CCP § 1021.5; and

X. Grant BSI such other and further relief as the Court may deem just.

Respectfully submitted,

Dated: September 11, 2024        By: /s/ *Mark H. Plager*
                                         Mark H. Plager
                                         Michael L. Schack
                                         *Attorneys for Counterclaimant*
                                         Building Science Institute, Ltd. Co.

and BRETT DILLON'S COUNTERCLAIM
-13-

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Counterclaimant demands a trial by jury on all matters to which it is entitled by law.

Respectfully submitted,

Dated: September 11, 2024          By: /s/ *Mark H. Plager*
                                        Mark H. Plager
                                        Michael L. Schack
                                        *Attorneys for Counterclaimant*
                                        Building Science Institute, Ltd. Co.

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | The undersigned certifies that a true and correct copy of the foregoing: |
| 3 | **DEFENDANTS BUILDING SCIENCES INSTITUTE LTD. CO. and** |
| 4 | **BRETT DILLON'S COUNTERCLAIM** |
| 5 | was served on Defendant's counsel electronically as follows: |

Nicolette C. Vilmos
BERGER SINGERMAN LLP
nvilmos@bergersingerman.com
P.O. Box 1431
Orlando, FL 32802
Phone: (813) 498-3405

James D. Berkley
MITCHELL SILBERBERG & KNUPP LLP
jdb@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Phone: (310) 312-2000
Fax:    (310) 312-3100

I declare under penalty of perjury under the laws of the United States of America and the State of California the foregoing is true and correct.

Executed on September 13, 2024, North Myrtle Beach, South Carolina.

/s/ *Fiona Ann Costello*
FIONA ANN COSTELLO

and BRETT DILLON'S COUNTERCLAIM
-15-